*J. W. Lockett, for appellee.*

---

JAMES THORNTON *v.* THOMAS H. GUTHRIE, ET AL.

**Causes of Action Not Joint.**

A cause of action against one defendant upon an express contract entered into by him alone cannot be joined in the same petition with a cause of action arising upon an implied contract with which the other defendant had no connection. Two distinct causes of action cannot be united and declared upon in the same petition.

APPEAL FROM DAVIESS CIRCUIT COURT.

November 26, 1879.

OPINION BY JUDGE COFER:

The appellees sued upon the alleged express contract of the appellant to pay the debts owed by the firm composed of themselves and the Venables. They alleged that they and the Venables were partners in the Mechanics' Planing Mill; that the partnership was dissolved, the appellees retiring and leasing their interest to the appellant, who took with the lease appellees' interest in the profits, and undertook to pay the debts of the old firm. They made Venables parties and sought to recover against them as partners in the old firm.

The suit was therefore not upon a contract entered into by the appellant jointly with Venables, or upon which he was jointly liable with them. If appellant was liable at all he was liable on his contract, and being the only person bound on it, as far as appeared from the petition, he should not have been sued jointly with Venables. If they were liable it was not on an express contract, but because they were the partners of the appellees when the debt sued for was created. We have, then, a cause of action against one defendant upon an express contract entered into with the appellees by him alone, united in the same petition with a cause of action arising upon an implied contract with which the other defendant had no connection. Two causes of action thus distinct from each

other could not be properly united in the same petition. Sec. 83, Civil Code.

The appellant's motion for a rule to elect should have been sustained, and as it was overruled and the appellees proceeded to judgment against the other defendants, that must be regarded as an election, and on the return of the cause the petition should be dismissed as to appellant without prejudice.

Judgment *reversed*.

*Little & Slack, for appellant.*

*Sweeney & Son, for appellees.*